IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| -vs- ) | Criminal Action No. 18-60 |
| ) | |
| TIMOTHY ANDERSON, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

# FINDINGS OF FACT, CONCLUSIONS OF LAW and ORDER OF COURT

## FINDINGS OF FACT

1. On January 24, 2018, Shenango Police Department Officer David Tressler ("Tressler") was working the night shift (7:00 p.m – 7:00 a.m.) in a marked car occupied by himself and his dog.

2. At approximately 11.40 p.m., Tressler observed a Hyundai Sonata driving toward him with its high beams on.

3. Tressler flashed his lights at the Hyundai but the Hyundai's lights did not lower.

4. Tressler made a u-turn to follow the Hyundai and observed that it had an expired temporary Ohio plate.

5. Tressler activated his lights and siren and called into the Lawrence County Emergency Operations ("LCEO") to inform them of the traffic stop. Government Exhibit 1 shows that the response from LCEO was received at 23:41 (one minute after the initial sighting of the Hyundai by Tressler) and informed that the Hyundai was owned by James Robert Masterson of New Castle, Pennsylvania.

6. Tressler approached the Hyundai which was driven by the Defendant. Defendant apologized to Tressler, said the car belonged to his friend James, whose last name he did not know. He said that he was unfamiliar with the car. He gave his name as Timothy Anderson, his birth date and stated that he had no identification, nor a valid driver's license.
7. Tressler testified that he smelled the odor of raw marijuana coming from the Hyundai when he was speaking to Defendant.
8. Tressler asked the Defendant to exit the vehicle and performed a "Terry frisk." Nothing was found on defendant.
9. Because he had smelled marijuana and because the car was mobile, Tressler decided to do a narcotics search of the Hyundai using his dog.
10. Prior to deploying his dog, Tressler made a safety check of the vehicle to ascertain any hazards that might hurt the dog.
11. During this safety check, Tressler found a silver and black handgun with an extended magazine inside of it on the rear passenger side floor.
12. When questioned, Defendant denied ownership of the gun and again stated that he had borrowed the car and was not aware of everything inside it. Tressler called LCEO and they could give no information as to the gun's ownership.
13. After the gun was removed from the car, Tressler deployed his dog to the vehicle. The dog took in large volumes of air and scratched at the rear center armrest, movements which Tressler stated were a sign of narcotics odors.
14. After the dog was removed from the Hyundai, Tressler testified that he found "small amounts of suspected marijuana inside of the center armrest in the rear of the vehicle." T. p, 20. Tressler further testified that he did not take any sample of

the marijuana, did not bring it to court and did not charge Defendant with any drug offense.

15. Defendant contends that the search of the vehicle was unlawful because Tressler's testimony is not credible. Hs contention rests on his theory that Tressler decided to search the Hyundai because Tressler knew it belonged to Masterson, a known drug dealer in the area. He bases this argument on the fact that the car's ownership information was sent to Tressler seconds after Tressler transmitted the car's plate number to the dispatcher.

16. While Defendant's theory may or may not be true, this theory does not contradict Tressler's credible and uncontested testimony that he smelled raw marijuana coming from the car.

17. The government raises the question of standing, contending that defendant failed to meet his burden of establishing that he had a reasonable expectation of privacy in the Hyundai. The only evidence at the hearing came from the government's witness, Tressler, who testified on several occasions that Defendant told Tressler that Defendant had borrowed the car from James. For purposes of this Motion, I find the Defendant did have standing, in his capacity as driver of a borrowed vehicle, to assert a Fourth Amendment motion to suppress.

## CONCLUSIONS OF LAW

1. Both the Government and Defendant agree that Tressler had probable cause to stop the Hyundai after Tressler observed certain traffic violations: failure to lower high beams to oncoming traffic and expired registration.

2. Tressler had received training on drug detection at the police academy. He had smelled marijuana, both raw and burned, on numerous occasions in his capacity as a K-9 handler. He also possessed a DEA researcher's license which allowed him to possess marijuana for the purpose of narcotic detection training with his K-9. This experience and training renders Tressler a credible witness as to identifying the smell of marijuana.
3. The detection of the odor of marijuana by Tressler constituted probable cause to believe that the vehicle contained a narcotic substance.
4. There was probable cause to search the Hyundai under the automobile exception to the 4th Amendment warrant requirement.

## ORDER OF COURT

Therefore, this 18th day of July, 2018, it is ordered that the Defendant's Motion to Suppress Proceeds of Search (Docket No. 26) is hereby DENIED.

It is further ORDERED that a trial date is set for September 4, 2018 at 9:30 a.m. in Courtroom 3B. Any motions in limine are due no later than 7/26/18; responses due by 8/2/18; proposed voir dire and jury instructions are due by 8/3/18. Proposed verdict slips are due by 9/4/18.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge